Gregory Peacock, Esq. (SBN 277669)
**LAW OFFICE OF GREGORY PEACOCK**
4425 Jamboree Road
Suite 130
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorney for Plaintiff Paul McAdams

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MCADAMS, | ) Case No. |
| Plaintiffs, | ) **COMPLAINT FOR DAMAGES FOR:** |
| vs. | ) 1. Violation Of 42 U.S.C. § 1983; Fourth Amendment Rights – Excessive / Unreasonable Force; |
| CITY OF NEWPORT BEACH; ALEX MASLIN; JOSEPH DEJULIO; RANDALL PARKER; and DOES 1 through 10, inclusive, | ) 2. Violation Of 42 U.S.C. § 1983; Failure To Property Train / Hire / Fire / Discipline; |
| Defendants. | ) 3. California State Law Claim For Violation Of Civil Code § 52.1; |
| | ) 4. California State Law Claim For Battery; |
| | ) 5. California State Law Claim For Negligence. |
| | ) **JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

1

**COMES NOW** Plaintiff Paul McAdams and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3. As Plaintiff's claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the Plaintiff's federal question claims, this court has jurisdiction over the Plaintiff's California State law claims under its supplemental jurisdiction under 28 U.S.C. § 1367, and otherwise pursuant to *Mine Workers v. Gibbs*.

## GENERAL ALLEGATIONS

4. Plaintiff Paul McAdams, hereinafter referred to as "MCADAMS" or "Plaintiff MCADAMS," is a natural person, who, at all times complained of in this action, resided within the boundaries of the United States District Court, Central District.

5. Defendant City of Newport Beach hereinafter also referred to as "CITY" is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

6. Defendant Alex Maslin, hereinafter also referred to as "MASLIN", is, and at all times complained of herein, was, a peace officer employed by the Newport Beach Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with Defendant CITY.

7. Defendant Joseph Dejulio, hereinafter also referred to as "DEJULIO", is, and at all times complained of herein, was, a peace officer employed by the Newport Beach Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with Defendant CITY.

8. Defendant Randall Parker, hereinafter also referred to as "PARKER", is, and at all times complained of herein, was, a peace officer employed by the Newport Beach Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with Defendant CITY.

9. Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the Newport Beach Police Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained

of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

10. At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Newport Beach Police Department, and were acting in the course of and within the scope of their employment with defendant CITY.

11. Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the Newport Beach Police Department and/or defendant City of Newport Beach, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of

and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Newport Beach Police Department for, *inter alia*,: 1) using excessive force; 2) for unlawfully seizing persons; and 3) for covering up the tortious conduct of Newport Beach Police Department officers.

12.     At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chief and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Newport Beach Police Department, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY.

13.     At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Newport Beach Police Department and/or otherwise with defendant CITY.

14.     In addition to the above and foregoing, defendants MASLIN, DEJULIO, PARKER and DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal

COMPLAINT FOR DAMAGES
5

Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

15. Defendants MASLIN, DEJULIO, PARKER and DOES 1 through 6, inclusive, acted in joint and concerted action to deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

16. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiffs' federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights -**
**Excessive/Unreasonable Use of Force on Person**
**(Against MASLIN, DEJULIO, PARKER and DOES 1 through 6, inclusive)**

17. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 16, inclusive, above, as if set forth in full herein.

18. On March 14, 2017, at approximately 10:30 p.m., MCADAMS had just left the gym and was driving to his parents' home in Corona Del Mar, California.

19. While MCADAMS was driving on San Miguel in Newport Beach, California, MCADAMS noticed that he was being followed by an unmarked black sports utility vehicle (SUV.)

COMPLAINT FOR DAMAGES
6

20. The SUV continued to follow MCADAMS, and caused MCADAMS to become concerned about his safety.

21. The SUV eventually activated a red flashing light behind the windshield.

22. MCADAMS was uncertain of what was taking place. He observed the SUV acting suspiciously and is now signaling that it wants MCADAMS to pull over. MCADAMS was not convinced that he was being pulled-over by a peace officer.

23. MCADAMS reluctantly pulled his vehicle over at Baywood Drive and San Miguel.

24. Prior to MCADAM's vehicle coming to a complete stop, MCADAMS observed DEJULIO exit the SUV and begin sprinting towards MCADAMS' vehicle and screamed something to the other occupants of the SUV.

25. MASLIN then approached MCADAMS' driver-side door. MASLIN appeared to be very young and was wearing a t-shirt, blue jeans, a black vest and Vans slip-on shoes. MCADAMS could not see anything that would indicate that MASLIN or DEJULIO were peace officers.

26. Based upon MASLIN and DEJULIO's suspicious behavior in following MCADAMS, their attire and odd behavior -- MCADAMS did not believe that MASLIN or DEJULIO were peace officers and believed that he was possibly being robbed.

27. Defendant MASLIN then ordered MCADAMS out of the vehicle; MCADAMS reluctantly complied.

28. Once MCADAMS exited the vehicle, MASLIN immediately attempted to handcuff MCADAMS.

29. MCADAMS was then convinced that he was being robbed and began verbally protesting and questioning the Defendants' actions.

30. Defendant PARKER then arrived on scene.

31. The defendants then brutally threw MCADAMS down to the ground.

32. MASLIN then repeatedly tasered MCADAMS in the back while PARKER and DEJULIO held MCADAMS down.

33. Fearing that he was being robbed, MCADAMS began screaming for help. A number of people called "911" to report that a man was screaming for his life.

34. The defendants then arrested MCADAMS and booked MCADAMS at the Newport Beach Jail for allegedly violating Penal Code § 148(a)(1.)

35. The defendants never verbally identified themselves as peace officers at any time during the incident complained of herein.

36. MCADAMS never acted violently towards the defendants.

37. On March 16, 2017, the Orange County District Attorney's Office filed a single charge against MCADAMS for allegedly violating Penal Code § 148(a)(1.)

38. On January 10, 2019, the criminal action against MCADAMS was dismissed.

39. As a direct and proximate result of the actions of defendants MASLIN, DEJULIO, PARKER and DOES 1 through 6, inclusive, as complained of herein, MCADAMS: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $2,000,000.00.

40. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of MCADAMS' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save Defendant CITY, in an amount to be proven at trial which is in excess of $1,000,000.00.

### SECOND CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### FEDERAL CLAIM FOR FAILURE TO PROPERLY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE
**(Against CITY)**

41. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 40, inclusive, above, as if set forth in full herein.

42. As complained of herein above, the acts of Defendants MASLIN, DEJULIO, PARKER and DOES 1 through 6, inclusive, deprived MCADAMS of his rights under the laws of the United States and The United States Constitution.

43. The training policies of CITY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted MCADAMS. Specifically, CITY failed to properly train their peace officers on the use of reasonable force and how to properly identify themselves as law enforcement officers and the consequences of failing to do so.

44. Prior to March 14, 2017, CITY was aware of the violent propensities of MASLIN, DEJULIO, PARKER, and failed to discipline, terminate and/or train them.

45. CITY was deliberately indifferent to the obvious consequences of its failure to train, discipline and/or terminate its peace officer employees adequately.

46. The failure of CITY to provide adequate training, discipline and/or terminate its officers caused the deprivation of MCADAMS' rights by Defendants MASLIN, DEJULIO, PARKER and DOES 1 through 6, inclusive.

47. CITY's failure to train, discipline, and/or terminate is closely related to the deprivation of MCADAMS' rights as to be the moving force that ultimately caused MCADAMS' injuries.

48. As a direct and proximate result of the actions of defendants MASLIN, DEJULIO, PARKER and DOES 1 through 6, inclusive, as complained of herein, MCADAMS: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general

damages and expenses in an amount to be proven at trial which is in excess of $2,000,000.00.

### THIRD CAUSE OF ACTION
### Violation of Cal. Civil Code § 52.1
### Under California State Law
### (Against All Defendants[1])

49. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 48, inclusive, above, as if set forth in full herein.

50. The actions of Defendants MASLIN, DEJULIO, PARKER and DOES 1 through 6, inclusive, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by plaintiff MCADAMS of the rights secured to him by the Constitution and laws of the United States, and of the rights secured to him by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

51. Defendants MASLIN, DEJULIO, PARKER and DOES 1 through 6, inclusive, are liable to plaintiff MCADAMS for said violations of his constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

52. As a direct and proximate result of the actions of defendants MASLIN, DEJULIO, PARKER and DOES 1 through 6, inclusive, as complained of herein,

---
[1] Against Defendant CITY via vicarious liability.

MCADAMS: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $2,000,000.00.

53. The actions of Defendants MASLIN, DEJULIO, PARKER and DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of Plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against all defendants, save for defendant CITY, in an amount to be proven at trial, in excess of $1,000,000.00.

54. In addition, as a result of the actions of Defendants MASLIN, DEJULIO, PARKER and DOES 1 through 6, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, plaintiff MCADAMS is entitled to an award of treble compensatory damages against said defendants, and each of them.

**FOURTH CAUSE OF ACTION**
**Battery**
**Under California State Law**
**(Against all Defendants[2])**

55. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 54, inclusive, above, as if set forth in full herein.

---

[2] Against Defendant CITY via vicarious liability.

56.    The actions committed by MASLIN, DEJULIO, PARKER and DOES 1 through 6, inclusive, constituted the unjustified, non-consensual, use of unlawful force and violence upon Plaintiff MCADAMS, and, therefore, constituted a battery by said above-referenced defendant officers under California state law.

57.    As a direct and proximate result of the actions of Defendants MASLIN, DEJULIO, PARKER and DOES 1 through 6, inclusive, Plaintiff MCADAMS was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, bail costs and other associated costs and expenses; all in an amount to be proven at trial in excess of $2,000,000.00.

58.    The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save Defendant CITY, in an amount to be proven at trial in excess of $1,000,000.00.

///

///

///

///

///

COMPLAINT FOR DAMAGES
13

# FIFTH CAUSE OF ACTION
### Negligence
### Under California State Law
### (Against All Defendants[3])

59. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 58, inclusive, above, as if set forth in full herein.

60. As shown above, MASLIN, DEJULIO, PARKER and DOES 1 through 6, inclusive owed a duty to use due care in determining whether MCADAMS had committed a crime and to refrain from using excessive force.

61. As shown above, MASLIN, DEJULIO, PARKER and DOES 1 through 6, inclusive breached their duty of care to MCADAMS by failing to properly determine whether there was probable cause to arrest MCADAMS and by failing to refrain from using excessive force against MCADAMS; and by failing to properly identify themselves as peace officers.

62. Plaintiff MCADAMS had a sensory awareness of being beaten and arrested by Defendants MASLIN, DEJULIO, PARKER and DOES 1 through 6, inclusive.

63. Moreover, Defendant CITY knew, and/or with the exercise of reasonable diligence should have known, of the violent propensities of their employees / agents, who brutalized, degraded, and humiliated Plaintiff MCADAMS as complained of herein.

---

[3] Against Defendant CITY via vicarious liability.

64. Moreover, Defendant CITY, breached its duty of care to Plaintiff MCADAMS, and to members of the public similarly situated, by failing to train its employees that they have no right to brutalize and / or falsely arrest members of the public.

65. Accordingly, the actions committed by Defendants as complained of herein, constituted a breach of defendants' duty to use due care toward Plaintiff under California State Law; negligence.

66. As a direct and proximate result of the actions of defendants, Plaintiff MCADAMS: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $2,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

    a) For a judgment against all defendants for compensatory damages in an amount in excess of $2,000,000.00;

    b) For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $1,000,000.00;

    c) For an award of reasonable attorney's fees and costs;

    d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

                                      */S/ Gregory Peacock*_____
                                     GREGORY PEACOCK