Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, CA 92101-8474
Tel: 619.814.5800   Fax: 619.814.6799

Attorneys for Defendants
CITY OF NEWPORT BEACH, ALEX MASLIN,
JOSEPH DEJULIO, and RANDALL PARKER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| PAUL MCADAMS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF NEWPORT BEACH; ALEX MASLIN; JOSEPH DEJULIO; RANDALL PARKER; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 8:19-cv-00615-AG-KES<br><br>**DEFENDANTS CITY OF NEWPORT BEACH, ALEX MASLIN, JOSEPH DEJULIO, AND RANDALL PARKER'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD CLAIM FOR VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1 PURSUANT TO F.R.C.P. RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Proposed Order and Declaration of Susan E. Coleman filed concurrently herewith*]<br><br>Date:　July 15, 2019<br>Time:　10:00 a.m.<br><br>Judge:　Hon. Andrew J. Guilford |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 15, 2019, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Andrew J. Guilford in

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

LA #4811-0727-4648 v1　　- 1 -　　8:19-CV-00615-AG-KES
DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S THIRD CLAIM

1  Courtroom 10D of the above-entitled court, located at 411 West 4th Street, Santa
2  Ana, California 92701, Defendants City of Newport Beach, Alex Maslin, Joseph
3  Dejulio, and Randall Parker (collectively, "Defendants") will move the Court
4  pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) for an order dismissing
5  Plaintiff Paul McAdams's ("Plaintiff") third claim for violation of California Civil
6  Code section 52.1 ("Section 52.1") because Plaintiff fails to allege sufficient facts
7  to state a Section 52.1 claim.

Pursuant to Local Rule 7-3, this Motion is made following defense counsel's
meet and confer correspondence sent to Plaintiff's counsel on April 23, 2019. After
meeting and conferring, the parties were unable to resolve the issues raised in this
motion. (*See* Decl. of Susan Coleman.)

Defendants' motion is based on this Notice, the Memorandum of Points and
Authorities, and Plaintiff's Complaint, together with such other oral and
documentary evidence as may be submitted to the Court.

Dated: May 30, 2019        BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Susan E. Coleman*
    Susan E. Coleman

Attorneys for Defendants
CITY OF NEWPORT BEACH, ALEX
MASLIN, JOSEPH DEJULIO, and
RANDALL PARKER

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

LA #4811-0727-4648 v1          - 2 -          8:19-CV-00615-AG-KES
DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S THIRD CLAIM

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Plaintiff Paul McAdams's ("Plaintiff") complaint against Defendants City of Newport Beach ("City"), Alex Maslin, Joseph Dejulio, and Randall Parker (collectively, "Defendants") stems from Plaintiff's March 14, 2017, arrest in the City of Newport Beach and includes five claims: (1) unreasonable force under the Fourth Amendment (Section 1983); (2) failure to properly train, hire, fire, and discipline under Section 1983; (3) violation of California Civil Code section 52.1 ("Section 52.1"); (4) battery under state law; and (5) negligence under state law. In short, Plaintiff alleges Officers Dejulio, Maslin, McAdams, and Parker used unreasonable force against him in the process of handcuffing and arresting him.

Defendants seek to dismiss Plaintiff's third claim for violation of Section 52.1 on the basis that Plaintiff fails to allege facts sufficient to state a claim.

## II. RELEVANT ALLEGATIONS RELATED TO PLAINTIFF'S SECTION 52.1 CLAIM.[1]

On March 17, 2017, at around 10:30 p.m., Plaintiff alleges he was driving and "noticed that he was being followed by an unmarked black sports utility vehicle (SUV)." (Compl. ¶¶ 18-19.) Eventually, the SUV activated red flashing lights behind Plaintiff and ordered him to pull over, which Plaintiff was reluctant to do because he was not certain that the SUV was law enforcement. (Compl. ¶¶ 20-23.) Once he stopped his vehicle, Officer Dejulio sprinted towards Plaintiff. (Compl. ¶ 24.) Officer Maslin approached Plaintiff's driver-side door and ordered him out of the vehicle, but Plaintiff was not convinced that Officer Maslin was a peace officer because, in part, he appeared "very young." (Compl. ¶¶ 25-27.)

Thereafter, Plaintiff exited his vehicle and Officer Maslin attempted to handcuff Plaintiff. (Compl. ¶ 28.) Instead of complying, Plaintiff began to verbally

---

[1] Defendants do not concede that these allegations are true except for the purposes of this motion.

Burke, Williams & Sorensen, LLP
Attorneys At Law
San Diego

LA #4811-0727-4648 v1 - 3 - 8:19-CV-00615-AG-KES
DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S THIRD CLAIM

protest and questioned Officer Maslin's actions because, despite the officers driving a vehicle equipped with lights and Officer Maslin wearing a tactical vest, Plaintiff believed he was being robbed. (Compl. ¶ 29.) Officer Parker then arrived to the scene. (Compl. ¶ 30.) Once Officer Parker arrived, all defendants inexplicably "brutally threw" Plaintiff on the ground, and Officer Maslin "repeatedly tasered" Plaintiff while Officers Dejulio and Parker held Plaintiff down. (Compl. ¶¶ 31-32.) Officers Parker, Dejulio, and Parker then arrested Plaintiff. (Compl. ¶ 34.)

In a conclusory manner, under this third claim, Plaintiff alleges Officers Parker, Dejulio, and Parker "interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by [Plaintiff] of the rights secured to him by the Constitution…." (Compl. ¶ 50.) However, Plaintiff's complaint is devoid of any allegations that any of the involved officers threatened, intimidated, or coerced him. (*See e.g.*, Compl.)

## III. LEGAL STANDARD FOR A MOTION TO DISMISS UNDER RULE 12(b)(6).

The standard of pleading that a complaint must meet has been raised by the United States Supreme Court in its *Twombly* and *Iqbal* decisions. Conclusory or unwarranted deductions of fact, and unreasonable inferences, will not allow a complaint to stand. The United States Supreme Court has made clear through a heightened standard that formulaic pleading alone will not allow a complaint to survive Rule 12(b)(6). To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id*. at 555. Though a court is to assume plaintiff's allegations are true, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

LA #4811-0727-4648 v1 - 4 - 8:19-CV-00615-AG-KES
DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S THIRD CLAIM

1    In 2009, the Supreme Court clarified that this standard requires plaintiff to
2  allege facts that add up to "more than a sheer possibility that a defendant has acted
3  unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, (2009).  A claim is plausible only
4  when the facts pled "allow[] the court to draw the reasonable inference that the
5  defendant is liable for the misconduct alleged." *Id*. at 1949 (*citing Twombly*, 550
6  U.S. at 556).  The court is not obligated to accept as true "legal conclusions"
7  contained in the complaint. *Id*. "[W]here the well-pleaded facts do not permit the
8  court to infer more than the mere possibility of misconduct, the complaint has
9  alleged – but it has not show[n] – that the pleader is entitled to relief." *Id*. at 1950.
10   The basic pleading standard for civil rights complaints calls for inclusion of
11  clear, factual allegations in support of each cause of action, and that such
12  allegations are not vague or based on mere conclusions. *Ivey v. Bd. of Regents*, 673
13  F.2d 266, 268 (9th Cir. 1982).  Claims may be dismissed because they fail to allege
14  sufficient facts to support any cognizable legal claim. *Smile Care Dental Group v.*
15  *Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996), *cert. denied*, 519
16  U.S. 1028 (1996).  While the Federal Rules require merely that the complaint place
17  defendants on notice of what it is they are being sued for, a plaintiff's pleading
18  obligations are not non-existent.  On the contrary, plaintiff must put forth a short,
19  plain statement showing that they are entitled to relief. *See* Fed. R. Civ. P. 8(a)(1).
20  Dismissal is proper where there is either a "lack of a cognizable legal theory" or
21  "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v.*
22  *Pacifica Police Dept.*, 901 F.2d 696, 699 (1988).

### IV.   **PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF SECTION 52.1 (THIRD CLAIM).**

25   Plaintiff's California Civil Code § 52.1 ("Section 52.1") claim, under the
26  Bane Act, is derived from his unreasonable use of force claim (first claim). Plaintiff
27  alleges, in short, Officers Maslin, Dejulio, and Parker used unreasonable force
28  against him while he was resisting arrest.  (Compl. ¶¶ 28-34.) Plaintiff's allegations

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

LA #4811-0727-4648 v1                - 5 -                8:19-CV-00615-AG-KES
DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S THIRD CLAIM

fail to state a claim under Section 52.1 because Plaintiff fails to allege that (1) Officers Maslin, Dejulio, and Parker acted with any spiteful intent towards him; or that (2) Officers Maslin, Dejulio, and Parker threatened, coerced, or intimidated him.

### A. Plaintiff Failed To Allege Any Individual Defendant Violated His Rights Under Section 52.1.

Section 52.1 provides a cause of action "against anyone who interferes, or tries to do so, by threats, intimidation, or coercion, with an individual's exercise or enjoyment of rights secured by federal or state law." Cal. Civ. Code § 52.1. It was "intended to address only egregious interferences with constitutional rights, not just any tort. **The act of interference with a constitutional right must itself be deliberate or spiteful**." *Shoyoye v. Cnty. of Los Angeles*, 203 Cal.App.4th 947, 959 (2012) (emphasis added). To prevail on a Section 52.1 claim, a plaintiff must therefore prove (1) a violation of a constitutional or statutory right (2) by intimidation, threats or coercion. *Venegas v. Cnty. of Los Angeles*, 153 Cal.App.4th 1230, 1242 (2007).

A consensus has formed in the California Courts of Appeal that Bane Act liability requires a threatening, intimidating, or coercive act separate and distinct from the act that deprived the plaintiff of his or her federal or state rights. *See Bender v. Cnty. of Los Angeles*, 217 Cal.App.4th 968, 979 (2013) ("The statute requires a showing of coercion independent from the coercion inherent in the wrongful detention itself."); *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1196 (9th Cir. 2015) ("Numerous California decisions make clear that a plaintiff in a search-and-seizure case must allege threats or coercion beyond the coercion inherent in a detention or search in order to recover under the Bane Act."); *Shoyoye*, 203 Cal.App.4th at 959 ("[W]here coercion is inherent in the constitutional violation alleged ... [T]he statute requires a showing of coercion independent from the coercion inherent in the wrongful detention itself.").

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

LA #4811-0727-4648 v1 - 6 - 8:19-CV-00615-AG-KES
DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S THIRD CLAIM

Here, Plaintiff's barebones complaint fails to allege any factual allegations sufficient to support his Section 52.1 claim beyond his mere conclusion that Defendants violated his rights under Section 52.1. (Compl. ¶¶ 28-34, 50.) Namely, although Plaintiff alleges a violation of the Fourth Amendment based on unreasonable force, Plaintiff fails to allege any threatening, intimidating, or coercive act distinct from the act that allegedly deprived him of his rights (*i.e.*, the alleged force used to arrest him). (*See e.g.*, Compl. ¶¶ 28-34.) Moreover, Plaintiff fails to allege that Officers Maslin, Dejulio, and Parker deliberately or spitefully interfered with his constitutional rights. To the contrary, Plaintiff admits he was resisting arrest thus requiring the officers to use reasonable force to apprehend him. (Compl. ¶ 29.) Accordingly, Plaintiff's Section 52.1 claim should be dismissed as Plaintiff has failed to allege facts sufficient to state a claim against Officers Maslin, Dejulio, and Parker. *Shoyoye*, 203 Cal.App.4th at 959.

### B. **Plaintiff Likewise Fails To State A Claim Under Section 52.1 Against Defendant City.**

Plaintiff does not articulate how the City is liable under his Section 52.1 claim; however, presumably, Plaintiff is alleging the City is variously liable for Officers Maslin's, Dejulio's, and Parker's alleged violation of Section 52.1 pursuant to California Government Code section 815.2. Under Section 815.2(a), a public entity employer is generally liable for the torts of an employee committed within the scope of employment if the employee is liable. Accordingly, an "employer's vicarious liability is based solely on the employee's wrongful act; the employer cannot be liable when the verdict in favor of the employee determines that the employee did no wrong." *Perez v. City of Huntington Park*, 7 Cal. App. 4th 817, 820 (1992); *Zelig v. Cty. of Los Angeles*, 27 Cal. 4th 1112, 1131 (2002) (holding "there is no basis for imposing vicarious liability upon the public entities" where plaintiff failed to establish defendant "public employee engaged within the scope of employment that would render the employee liable to plaintiffs"). Here, as

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

LA #4811-0727-4648 v1 - 7 -

8:19-CV-00615-AG-KES
DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S THIRD CLAIM

Plaintiff fails to allege a Section 52.1 claim against Officers Maslin, Dejulio, and Parker, Plaintiff likewise fails to state a claim against Defendant City based vicarious liability. *Perez*, 7 Cal. App. 4th at 820. Accordingly, Plaintiff failed to state a claim against Defendant City under Section 52.1 and Plaintiff's third claim should be dismissed. *Shoyoye*, 203 Cal.App.4th at 959.

## V. CONCLUSION.

Based on the foregoing, Defendants respectfully request that Plaintiff's third claim for violation of California Civil Code section 52.1 be dismissed for Plaintiff's failure to state a claim.

Dated: May 30, 2019      BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Susan E. Coleman*
      Susan E. Coleman

Attorneys for Defendants
CITY OF NEWPORT BEACH, ALEX MASLIN, JOSEPH DEJULIO, and RANDALL PARKER

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

LA #4811-0727-4648 v1

- 8 -

8:19-CV-00615-AG-KES
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD CLAIM