Gregory Peacock, Esq. (SBN 277669)
**LAW OFFICE OF GREGORY PEACOCK**
4425 Jamboree Road
Suite 130
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorney for Plaintiff Paul McAdams

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MCADAMS, | ) Case No. 8:19-cv-00615-AG-KES |
| Plaintiffs, | ) **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| vs. | ) |
| CITY OF NEWPORT BEACH; ALEX MASLIN; JOSEPH DEJULIO; RANDALL PARKER; and DOES 1 through 10, inclusive, | ) Date: July 15, 2019<br>) Time: 10:00 a.m.<br>) Judge: Honorable Andrew J. Guilford |
| Defendants. | ) |

## I.   FACTS PLEADED IN PLAINTIFF'S COMPLAINT

On March 14, 2017, at approximately 10:30 p.m., Plaintiff Paul McAdams (hereinafter "MCADAMS") MCADAMS had just left the gym and was driving to his parents' home in Corona Del Mar, California. (Complaint; Docket No. 1, hereinafter referred to as "Complaint", ¶18.) While MCADAMS was driving on San Miguel in Newport Beach, California, MCADAMS noticed that he was being followed by an

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

1

unmarked black sports utility vehicle (SUV.) (Complaint ¶19.) The SUV continued to follow MCADAMS, and caused MCADAMS to become concerned about his safety. (Complaint ¶20.) The SUV eventually activated a red flashing light behind the windshield. (Complaint ¶21.)

MCADAMS was uncertain of what was taking place. He observed the SUV acting suspiciously and is now signaling that it wants MCADAMS to pull over. MCADAMS was not convinced that he was being pulled-over by a peace officer. (Complaint ¶22.) MCADAMS reluctantly pulled his vehicle over at Baywood Drive and San Miguel. (Complaint ¶23.)

Prior to MCADAM's vehicle coming to a complete stop, MCADAMS observed Defendant Dejulio (hereinafter "DEJULIO") exit the SUV and begin sprinting towards MCADAMS' vehicle and screamed something to the other occupants of the SUV. (Complaint ¶24.) Defendant Maslin (hereinafter "MASLIN") then approached MCADAMS' driver-side door. MASLIN appeared to be very young and was wearing a t-shirt, blue jeans, a black vest and Vans slip-on shoes. MCADAMS could not see anything that would indicate that MASLIN or DEJULIO were peace officers. (Complaint ¶25.) Based upon MASLIN and DEJULIO's suspicious behavior in following MCADAMS, their attire and odd behavior -- MCADAMS did not believe that MASLIN or DEJULIO were peace officers and believed that he was possibly being robbed. (Complaint ¶26.)

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

2

Defendant MASLIN then ordered MCADAMS out of the vehicle; MCADAMS reluctantly complied. (Complaint ¶27.) Once MCADAMS exited the vehicle, MASLIN immediately attempted to handcuff MCADAMS. (Complaint ¶28.) MCADAMS was then convinced that he was being robbed and began verbally protesting and questioning the Defendants' actions. (Complaint ¶29.)

Defendant Parker (hereinafter "PARKER") then arrived on scene. (Complaint ¶30.) The defendants then brutally threw MCADAMS down to the ground. (Complaint ¶31.) MASLIN then repeatedly tasered MCADAMS in the back while PARKER and DEJULIO held MCADAMS down. (Complaint ¶32.) Fearing that he was being robbed, MCADAMS began screaming for help. A number of people called "911" to report that a man was screaming for his life. (Complaint ¶33.) The defendants then arrested MCADAMS and booked MCADAMS at the Newport Beach Jail for allegedly violating Penal Code § 148(a)(1.) (Complaint ¶34.)

The defendants never verbally identified themselves as peace officers at any time during the incident complained of herein. (Complaint ¶35.) MCADAMS never acted violently towards the defendants. (Complaint ¶36.)

On March 16, 2017, the Orange County District Attorney's Office filed a single charge against MCADAMS for allegedly violating Penal Code § 148(a)(1.) (Complaint ¶37.) On January 10, 2019, the criminal action against MCADAMS was dismissed. (Complaint ¶38.)

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

3

## II.   LEGAL STANDARD

Federal Rules of Civil Procedure, Rule 12(b)(6), must be read in conjunction with Federal Rules of Civil Procedure, Rule 8, which marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Rule 8 requires the plaintiff to make only (1) a short and plain statement of the court's jurisdiction, (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief, and (3) a demand for judgment and relief. *Davis v. Passman*, 442 U.S. 228, (1979); *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). Under federal notice pleading, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. In deciding whether a pleading states a plausible claim for relief, the court considers the complaint's factual allegations, "together with all reasonable inferences" from those allegations. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011); *Capogrosso v. Sup. Ct.*, 588 F.3d 180, 184 (3rd Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 662.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Further, under federal notice pleading, courts are liberal in construing complaints in favor of plaintiffs, and allegations of material fact are taken as true and construed in the light most favorable to the pleader. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Silvas v. E Trade Mortg., Corp.*, 514 F.3d 1001, 1003-1004 (9th Cir. 2008). In reviewing a dismissal for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6), the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the appellant. *N. Star Intl' v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In *Conley v. Gibson*, 355 U.S. 41 (1957), the United States Supreme Court explained that dismissal for failure to state a claim should only be granted under narrow circumstances, and complaints should not be dismissed unless is appears beyond doubt that the plaintiff cannot prove any facts supporting her claim entitling her to relief. *Conley*, 355 U.S. at 45-46. The court may grant dismissal if it finds the allegations in a plaintiff's complaint to be "clearly baseless," meaning those that are found to be "fanciful," "fantastic," or delusional"; however, allegations found to be merely, "unlikely" may not be dismissed. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

Civil rights actions are governed by the pleading requirements of Federal Rules of Civil Procedure Rule 8. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). There is no heightened pleading requirement for civil rights cases, and the United States Supreme Court has repeatedly rejected attempts by the Court of Appeals to impose heightened

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

5

pleading requirements in civil rights cases. *Id.*; *Leatherman v. Tarrant Cnty.*, 507 U.S. 163 (1993).

## III.   ARGUMENT

### A. **PLAINTIFF HAS PROPERLY PLEADED A CAUSE OF ACTION FOR VIOLATION OF CIVIL CODE § 52.1 AGAINST THE INDIVIDUAL DEFENDANTS.**

The Bane Act, California Civil Code section 52.1, provides protection from interference with state or federal statutory or constitutional rights by violence. The Act authorizes a plaintiff to sue for damages whose exercise or enjoyment of federal or state constitutional rights has been interfered with "by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation or coercion."

A police officer (or other public employee) who uses unreasonable force upon another under Fourth Amendment standards has also *per se* violated Cal. Civil Code § 52.1. *See*, *Chaudhry v. City of Los Angeles*, 751 F.3d 1096 (9th Cir. 2014).  Civil Code § 52.1 does not require a showing of 'threats, intimidation, or coercion' separate and distinct from an underlying constitutional violation, independent of the use of excessive force itself. *Rodriguez v. City of Los Angeles*, 96 F.Supp. 3d 990,999 (C.D. Cal. 2014) (citing *Chaudhry*, 751 F.3d 1096.)

In *Rodriguez v. County of Los Angeles,* 96 F. Supp. 3d 990 (C.D. Cal. 2014), the Court considered the Section 52.1 claims of a group of plaintiffs who alleged that sheriff's department officials had beaten them. In finding that the plaintiffs had

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

6

sufficiently pleaded a cause of action under Civil Code section 52.1 despite not having alleged a violation of their rights distinct from the beating with intent to harm, the court distinguished the matter before it from *Shoyoye v. County. of Los Angeles*, 203 Cal. App. 4th 947 (2012), the case on which Defendants principally rely. *Rodriguez*, 96 F. Supp. 3d at 999. As the *Rodriguez* court explained, *Shoyoye* involved a plaintiff who had been wrongfully detained due to a clerical error. *Id.* In that case, none of the individuals who effectuated the detention did so with knowledge that the plaintiff should have been released. *Id.* As the *Rodriguez* Court stated, "the relative distinction for purposes of a § 52.1 claim is between intentional and unintentional conduct, and ... *Shoyoye* applies only when the constitutional violation is unintentional." *Id.*

Here, Plaintiff has properly pleaded a claim for excessive force. Accordingly, Plaintiff has properly pleaded Section 52.1 claim.

## B. <u>PLAINTIFF HAS PROPERLY PLEADED A CAUSE OF ACTION FOR VIOLATION OF CIVIL CODE § 52.1 AGAINST THE INDIVIDUAL DEFENDANTS.</u>

Defendant City of Newport Beach alleges that Plaintiff has failed to properly plead a violation of Section 52.1 against the City because the Plaintiff has failed to properly plead a violation of Section 52.1 against the individual defendants.

Plaintiff brings his Section 52.1 claim against the City of Newport Beach via vicarious liability – not direct liability. Government Code sec. 815.2 provides that a public entity is liable for injury proximately caused by an act or omission of an employee

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

7

of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.

As discussed above, Plaintiff has properly pleaded a violation of Civil Code § 52.1 against the individual defendants. Plaintiff further pleaded that each individual defendant was acting within the course and scope of his employment at all times complained of in this action. (Complaint ¶¶6,7 and 8.) Accordingly, Plaintiff has properly pleaded a violation of Civil Code § 52.1 against the City of Newport Beach, via vicarious liability.

## IV.    CONCLUSION

Based upon the foregoing, Plaintiff requests that this Honorable Court deny Defendants' Motion to Dismiss Plaintiff's Section 52.1 claim.


DATED: June 24, 2019                **LAW OFFICE OF GREGORY PEACOCK**


                                    */S/ Gregory Peacock*_____
                                    Gregory Peacock, Esq.
                                    Lawyer for Plaintiff Paul McAdams


**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

8