Susan E. Coleman (SBN 171832)
E-mail:  scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, CA  92101-8474
Tel: 619.814.5800      Fax: 619.814.6799

Attorneys for Defendants
CITY OF NEWPORT BEACH, ALEX MASLIN,
JOSEPH DEJULIO, and RANDALL PARKER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| PAUL MCADAMS,<br><br>              Plaintiff,<br><br>     v.<br><br>CITY OF NEWPORT BEACH; ALEX MASLIN; JOSEPH DEJULIO; RANDALL PARKER; and DOES 1 through 10, inclusive,<br><br>              Defendants. | Case No. 8:19-cv-00615-AG-KES<br><br>**DEFENDANTS CITY OF NEWPORT BEACH, ALEX MASLIN, JOSEPH DEJULIO, AND RANDALL PARKER'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S THIRD CLAIM FOR VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1 PURSUANT TO F.R.C.P. RULE 12(b)(6)**<br><br>Date:      July 15, 2019<br>Time:      10:00 a.m.<br><br>Judge:    Hon. Andrew J. Guilford |

///

///

///

///

///

- 1 -

8:19-CV-00615-AG-KES
DEFENDANTS' REPLY ISO
MOTION TO DISMIS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION.

Plaintiff's Opposition fails to demonstrate Plaintiff sufficiently alleged a claim under California Civil Code section 52.1 ("Section 52.1") – Plaintiff's third claim in his complaint – as Plaintiff relies on federal case law that simply does not support his position. As detailed in the moving papers and below, Defendants' motion to dismiss Plaintiff's third claim for violation of Section 52.1 on the basis that he fails to allege facts sufficient to state a claim should be granted.

### II. PLAINTIFF IMPROPERLY RELIES ON FEDERAL CASE LAW INTERPRETING SECTION 52.1 CLAIMS TO ESTABLISH THAT HE HAS SUFFICIENTLY PLED A CLAIM FOR VIOLATION OF SECTION 52.1.

Plaintiff relies on *Rodriguez v. County of L.A.*, 891 F.3d 776, 802 (9th Cir. 2018) and *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014) to support the proposition Plaintiff does not need to put forth allegations that Defendants threatened, intimidated, or coerced him separate and apart from the acts that give rise to his claim for unreasonable force to establish his claim under Section 52.1. (Pl. Opp'n at 6:7-23.) Plaintiff's argument is unavailing. Specifically, Plaintiff improperly relies on federal court cases to analyze his Section 52.1 claim, *when state court cases are controlling on matters of state law*. When applying state court cases, it is clear Plaintiff has not sufficiently pled a claim for violation of Section 52.1. Nevertheless, even in applying the federal case law cited by Plaintiff (which Defendants contend is not persuasive), Plaintiff still fails to state a claim for violation of Section 52.1 because he does not allege that any defendant acted with a specific intent to violate his rights.

First, as stated in Defendants' motion, the California Courts of Appeal have routinely held that Bane Act liability requires a threatening, intimidating, or coercive act <u>separate and distinct</u> from the act that allegedly deprived the plaintiff

Burke, Williams & Sorensen, LLP
Attorneys At Law
San Diego

- 2 -

8:19-CV-00615-AG-KES
DEFENDANTS' REPLY ISO
MOTION TO DISMIS

of his or her federal or state rights. (*See Bender v. Cnty. of Los Angeles*, 217 Cal.App.4th 968, 979 (2013) ("The statute requires a showing of coercion independent from the coercion inherent in the wrongful detention itself."); *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1196 (9th Cir. 2015) ("Numerous California decisions make clear that a plaintiff in a search-and-seizure case must allege threats or coercion beyond the coercion inherent in a detention or search in order to recover under the Bane Act."); *Shoyoye v. Cnty. of Los Angeles*, 203 Cal.App.4th 947, 959 (2012) ("[W]here coercion is inherent in the constitutional violation alleged ... [T]he statute requires a showing of coercion independent from the coercion inherent in the wrongful detention itself.").

Here, instead of relying on California case law, Plaintiff relies on two Ninth Circuit cases, *Rodriguez* and *Chaudhry*, to demonstrate he has sufficiently pled his claim under Section 52.1 by merely alleging excessive force was used against him.[1] This is the incorrect standard. Namely, <u>given the dispute in the substantive analysis of Section 52.1 claims in state and federal courts</u> (i.e. state courts require that Plaintiff allege threatening, intimidating, or coercive acts separate and distinct from the act that deprived him from his federal or state rights whereas federal courts, per Plaintiff, simply require that he allege a claim for excessive force to establish his Section 52.1 claim), <u>the Court *must* apply the state court analysis of Section 52.1 claims</u>. (*Simmons v. Ware*, 213 Cal. App. 4th 1035, 1047 (2013), *as modified on denial of reh'g* (Mar. 13, 2013) ("The *Erie* doctrine (*Erie R. Co. v. Tompkins* (1938) 304 U.S. 64 [58 S.Ct. 817, 82 L.Ed. 1188]) requires that a federal court sitting in diversity jurisdiction over a state law claim must apply state substantive law in resolving [the] dispute."). When applying the appropriate standard that is articulated in *Bender*, *Lyall*, and *Shoyoye*, it is undisputed that Plaintiff must allege

---

[1] As demonstrated below, in addition to Plaintiff's reliance on federal court cases *Rodriguez* and *Chaudhry* being misplaced, Plaintiff's interpretation of *Rodriguez* is incorrect and *Chaudry* is inapplicable.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

- 3 -

8:19-CV-00615-AG-KES
DEFENDANTS' REPLY ISO
MOTION TO DISMIS

1 threats or coercion *beyond* the coercion inherent in a detention or search in order to
2 recover under the Bane Act, which Plaintiff simply has not done in his complaint.

3       Second, even if Defendants accept that the standard put forth in *Rodriguez* is
4 controlling in this matter (which they do not), Plaintiff's Section 52.1 claim still
5 fails because Plaintiff did not allege in his complaint that any officer acted with the
6 *specific intent* to violate his rights. (*See e.g.*, Compl. ¶¶ 31-32, 34.) In *Rodriguez*,
7 the court held that "in the context of an unlawful arrest, 'the egregiousness required
8 by Section 52.1 is tested by whether the circumstances indicate the arresting officer
9 had a *specific intent to violate the arrestee's right to freedom from unreasonable
10 seizure*.'" (*See Rodriguez*, 891 F.3d at 802 (emphasis added).) In other words, while
11 the *Rodriguez* court did not require the plaintiff to establish that defendants
12 threatened, intimidated, or coerced him separate and apart from the alleged act of
13 unreasonable force, the plaintiff nevertheless had to establish the defendants acted
14 with the "specific intent" to violate the plaintiff's rights. Again, there are no
15 allegations in Plaintiff's complaint that any defendant acted with a specific intent to
16 violate his rights.

17       Third, *Chaudhry* is inapplicable. In *Chaudhry,* the court held that the
18 plaintiffs need not establish a "discriminatory intent" to establish their Section 52.1
19 claim and, significantly, the defendants *conceded* that "a successful claim for
20 excessive force under the Fourth Amendment provides the basis for a successful
21 claim under § 52.1." (*See Chaudhry*, 751 F.3d at 1105.) That is not the case here
22 and, as a result, *Chaudhry is* inapplicable. Namely, Defendants have not argued that
23 Plaintiff needs to establish a "discriminatory" intent. (*See e.g.*, Defs.' Mot. to
24 Dismiss.) Moreover, Defendants are certainly not conceding that a claim for
25 Section 52.1 consists of the same elements for an excessive force claim under
26 Section 1983 because that is inaccurate.

27       Based on the forgoing, and the detailed analysis put forth in Defendants'
28 motion, Plaintiff's Section 52.1 claim should be dismissed as Plaintiff has failed to

Burke, Williams & Sorensen, LLP
Attorneys At Law
San Diego

- 4 -

8:19-CV-00615-AG-KES
DEFENDANTS' REPLY ISO
MOTION TO DISMIS

allege facts sufficient to state a claim against Officers Maslin, Dejulio, and Parker. (*Shoyoye*, 203 Cal.App.4th at 959.)

### III. LIKEWISE, PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST DEFENDANT CITY FOR VIOLATION OF SECTION 52.1.

As stated in the moving papers, under Section 815.2(a), a public entity employer is generally liable for the torts of an employee committed within the scope of employment if the employee is liable. Here, as Plaintiff fails to allege a Section 52.1 claim – even when improperly applying *Rodriguez* against Officers Maslin, Dejulio, and Parker, Plaintiff likewise fails to state a claim against Defendant City based on vicarious liability. (*Perez v. City of Huntington Park*, 7 Cal. App. 4th 817, 820 (1992).)

### IV. CONCLUSION.

Based on the foregoing, Defendants respectfully request that Plaintiff's third claim for violation of California Civil Code section 52.1 be dismissed based on his failure to state a claim.

Dated: July 1, 2019                                   BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Susan E. Coleman*
Susan E. Coleman

Attorneys for Defendants
CITY OF NEWPORT BEACH, ALEX MASLIN, JOSEPH DEJULIO, and RANDALL PARKER

Burke, Williams & Sorensen, LLP
Attorneys At Law
San Diego

- 5 -

8:19-CV-00615-AG-KES
DEFENDANTS' REPLY ISO
MOTION TO DISMIS